UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) 6:07 mj 188 WMW |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER DENYING DEFENDANT'S<br>) MOTION FOR DIVERSION |
| | ) |
| ANGEL TONY MARTINEZ, | ) ORDER DENYING MOTION TO PAY<br>) FIXED SUM IN LIEU OF APPEARANCE |
| | ) (Document 9) |
| Defendant. | ) |

**I. INTRODUCTION**

Pending before the court is Defendant's Motion for Diversion filed on February 19, 2008. In the alternative, Defendant requests that he pay a fixed-sum in lieu of appearance. The government filed an opposition on March 14, 2008. Defendant filed a reply on April 14, 2008. A hearing was held on April 23, 2008. Defendant supplemented his motion with a declaration on May 9, 2008. Upon consideration of all the pleadings and arguments in this case, Defendant's Motions are denied.

**II. BACKGROUND**

On August 5, 2007, a park ranger at Yosemite National Park ("park"), arrested Defendant for being in a public place while under the influence of alcohol in violation of 36 C.F.R. § 2.35(c). Defendant was arrested after a park ranger found a woman sitting in her car at

approximately 0015 hours.  The woman was identified as Defendant's girlfriend. She reported that Defendant was drunk and was preventing her from getting into their tent.

The park ranger entered Defendant's campsite and found a partially collapsed tent.  When Defendant approached the ranger, he was unsteady on his feet, his eyes were bloodshot, his speech slurred, and he had a strong odor of alcohol on his breath.  Defendant reported that he had a lot to drink and was trying to keep wildlife away from his wife.  Defendant also indicated that he was police officer in San Francisco and that his duty bag and credentials were in the car. Defendant continued to walk around the campsite talking loudly, disturbing other campers, and arguing with his girlfriend.

Defendant was placed under arrest for UIA and was transported to the Yosemite Holding Facility.  At the facility, Defendant told park rangers that he had consumed seven beers, two or three mixed drinks, and had vomited in his car.  Again, Martinez allegedly told rangers that he was a police officer in San Francisco.  Defendant's Blood Alcohol Level taken at 0218 hours was .172 EPAZ.  No credentials were ever found indicating that Defendant was a law enforcement officer.  Calls to the San Francisco Police Department indicated that there was no officer employed there by the name of "Angel Tony Martinez."  Defendant was released the morning of August 5, 2007.

On September 18, 2007, an initial appearance was held and Defendant pled not guilty to the charge.   He has requested that he be sentenced to diversion pursuant to Cal. Pen. Code §§ 1001.51-1001.55.[1]  Defendant argues that he is eligible for this sentence based on the Assimilative Crimes Act (ACA) which permits the application of state law punishments in federal enclaves.  In the alternative, he requests that he be allowed to pay a fixed-sum payment in lieu of appearance as a low end punishment pursuant to Federal Rules of Criminal Procedure 58(d)(1).  The government opposes pretrial diversion as well as Defendant's request that the court accept forfeiture of collateral as a fixed-sum payment.

///

---

[1] The court refers to pretrial diversion and deferred entry of judgment interchangeably in this order.

## III. LEGAL ANALYSIS

A. *Diversion/Deferred Entry of Judgment*

Presence in the park area when under the influence of alcohol to a degree that may endanger oneself or another person, or damage property or park resources is prohibited ("UIA" or "being under the influence of alcohol").  36 C.F.R. § 2.35(c).  Congress delegated the authority to the Secretary of the Interior to promulgate regulations criminalizing this offense:

> The Secretary of the Interior shall make and punish such rules and regulations as he may deem necessary or proper for the use and management of the parks, monuments, and reservations under the jurisdiction of the National Park Service, and any violation of the rules an regulations authorized by this section and sections 1,2, and 4 of this title shall be punished by a fine of not more than $500 or imprisonment for not exceeding six months or both and be adjudged to pay all costs.
> 16 U.S.C. § 3.

36 CFR § 1.3(a) requires that this offense be punished by a fine as required by law, or by imprisonment not exceeding six months. [2]

Congress has also adopted the Assimilative Crimes Act ("ACA") which provides that state offenses and punishments may be applicable in federal enclaves in some circumstances:

> Whoever within ... or on, above, or below any portion of the territory, possession, of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission *which although not made punishable by any enactment of Congress, would be punishable* if committed or omitted within the jurisdiction of the of the State .. in which such place is situated ... shall be guilty of a like offense and subject to a like punishment.
> 18 U.S.C. § 13(a). (emphasis added).

Defendant argues that the court can grant pretrial diversion under California law pursuant to the ACA.  Specifically, he contends that 36 CFR § 1.3(a), authorizing punishment up to a maximum of six months, can only be constitutional if it is within Congress' policy of conformity with local punishment as defined through the regulations and statutory authority outlined above. As a result, the only constitutional interpretation of 36 C.F.R. § 1.3(a), is that, local punishment

---

[2] UIA is a petty offense, class B misdemeanor, requiring a maximum punishment of six months imprisonment and a fine up to five thousand dollars. 18 U.S.C. § 3559.

is within the discretion of the court, as long as the punishment does not exceed six months.³  The court disagrees because Defendant's reasoning relies on a misapplication of the ACA.

Defendant cites two Ninth Circuit cases for the proposition that state pretrial diversion is consistent with Congress' policy of conformity with local punishment. United States v. Sylve, 135 F. 3d 680, 683 (9th Cir. 1997) (Court applied Washington deferred prosecution statute for drunk driving prosecution); United States v. Bosser, 866 F. 2d 315, 316 (9th Cir. 1989) (Hawaii deferred prosecution statute applied in forgery offense).⁴  However, in those cases, Defendants were charged with state law violations pursuant to the ACA.  The ACA does not apply in this case because Defendant has been charged with violating federal regulations, not state laws and the ACA.  Even assuming that the ACA could apply in a case where only a regulation is charged, Defendant's arguments still fails.⁵

The Ninth Circuit has held that "the purpose of the ACA is to conform the criminal law of federal enclaves to that of the local law *except in those instances which a specific federal law has been set forth*." (emphasis added). United States v. Palmer, 956 F. 2d 189, 191 (9th Cir. 1992) (Citation omitted).  The court stated, "Although we interpret the Act broadly to assimilate a state criminal statute *unless "the precise conduct it prohibits is made penal by the federal law,* the Act *does not serve* as a vehicle under which a state statute affixing punishment ... [may] lessen or enlarge a federal penal offense." (Citations omitted).   Thus, the Assimilative Crimes Act applies only if the criminal conduct is not addressed by federal authority and the punishment does not diminish or broaden a federal penal offense.

---

³ Defendant contends that an interpretation of the regulation which precludes the implementation of Congress' policy of conformity with local punishment violates Article I §1 of the constitution, and due process of the Fifth Amendment, and is also contrary to Supreme Court authority.

⁴ Defendant also cites two other cases where Defendants were sentenced to diversion pursuant to Washington State Law, however, in those cases, Defendants were charged with state offenses pursuant to the ACA. United States v. Delaughter, 2006 WL 1638823 (W.D.Washington 2006) and United States v. Reeff, 2006 WL 1638755 (W.D. Washinton, 2006).

⁵ Defendant has also cited United States v. Burke, 2006 WL 1030214 (W.D. Washington, 2006), in which Defendant was sentenced to deferred prosecution after being charged with UIA within a federal enclave pursuant to a federal regulation.  The court notes this case is not binding authority, nor is it clear from the record whether the government opposed the sentence as it has in the instant case.

The Supreme Court recently addressed the parameters of the ACA and articulated a two-part test in determining whether the ACA assimilates a state law. United States v. Lewis, 523 U.S. 155, 165 (1998).[6] First, a court must ask whether the defendant's act or omission is made punishable by any enactment of Congress. If the answer is no, the ACA would assimilate the statute. Id. However, if the answer is yes, the court must ask whether the federal statutes that apply precludes an application of the state law in question. Id. Specifically, would the application interfere with the achievement of a federal policy, because the state law would effectively rewrite an offense definition that Congress carefully considered, or because federal statutes reveal an intent to occupy so much of the field as would exclude use of the particular state statute at issue. (Emphasis added) Id. (Citations omitted). The court noted that, "[i]t seems fairly obvious that the Act *will not apply* where both state and federal statutes seek to punish approximately the same wrongful behavior - where differences among elements of the crimes reflect jurisdictional, or other technical, considerations, or where differences amount only to those of name, definitional language, *or punishment*." (Emphasis added) United States v. Lewis, 523 U.S. at 165, citing United States v. Adams, 502 F. Supp. 21, 25 (S.D. Fla. 1980) (misdemeanor/felony difference did not justify assimilation).

In this case, Congress has clearly criminalized being under the influence of alcohol in the park and has authorized that the punishment should be up to six months imprisonment and a fine. 16 U.S.C. § 3; 36 C.F.R. 1.3(a). Pretrial diversion or deferred entry of judgment is not provided for under either of these statutory or regulatory directives. Similarly, there is no statutory authority for the court to order deferred entry of judgment under Rule 58 which governs misdemeanor and petty offenses brought before magistrate judges. Moreover, this sentencing alternative is not a condition of probation under Federal Criminal Procedure Rules. Conditions of probation set out mandatory conditions and discretionary conditions. 18 U.S.C. § 3563. The terms of discretionary conditions include twenty-three terms that a court may provide as further conditions of a sentence of probation. Notably, pretrial diversion, or deferred entry of judgment are not on the list. 18 USC § 3563 (b).

---

[6] The Defendant in U.S. v. Lewis was charged with murder pursuant to Louisiana law and the ACA.

5

In fact, when Congress intended that deferred entry of judgment is a sentencing alternative, it has specifically provided for it in the statute. Congress has made it clear that deferred entry of judgment is permissible pursuant to 18 U.S.C. § 3607, and only for certain specified crimes, and then only under limited conditions. In cases falling under this section, a defendant charged with possession of a controlled substance pursuant to 21 U.S.C. § 844, can be placed on probation for a period of one year without entry of judgment. If defendant successfully fulfils the terms of the probationary period, the action is dismissed at the end of the year without entering a judgment of conviction. Defendant relies on U.S. v Barial, 31 F. 3d 216 (4th Cir. 1994) in which the court upheld a sentence of diversion over the government's objection. However, in Barial, the defendant had been convicted of possession of a controlled substance in federal parks. This regulation contained nearly identical language as simple possession of a controlled substance pursuant to 21 U.S.C. § 844, in which deferred entry of judgment was authorized under section 3607. In the instant case, Defendant has pled guilty to being under the influence of alcohol. If Congress had intended that deferred entry of judgment was a possible sentencing alternative for this offense, it would have clearly specified this option in the applicable statutory and/or regulatory sentencing provisions.

Finally, in Lewis v. U.S., the Supreme court found that if federal law applies to the underlying offense, the defendant should be sentenced in accordance with federal law. ("If the jury had found petitioner guilty of second degree murder under federal law, the district court would have been required to utilize the Sentencing Guideline provisions application to that offense"). Lewis v. U.S., 523 U.S. at 172-173. In this case, because the conduct at issue is clearly criminalized by federal law, federal punishment should apply. A state statute should not be used as a device to enlarge punishment options that Congress did not intend. Given the absence of this sentencing alternative in the relevant regulatory and statutory authority, coupled with the fact that Congress has specifically carved out instances where deferred adjudications should apply which does not include this offense, it is clear that Congress intended to exclude pretrial diversion as a sentencing alternative for a violation of 36 C.F.R. § 2.35(c).

///

  B. *Fixed-Sum Payment in Lieu of Appearance*

Rule 58(d) allows for paying a fixed sum in lieu of appearance :

In General.  If the court has a local rule governing forfeiture of collateral, the court may accept a fixed-sum payment in lieu of the defendant's appearance and end the case, but the fixed sum may not exceed the maximum fine allowed by law.

In this District, Local Rule Crim 46-420 and General Order 457 ("General Order") governs forfeiture of collateral.[7]  The General Order provides as follows :

(a) Forfeiture of Collateral - Generally

Persons charged with certain misdemeanors may, in lieu of appearance, post collateral in the amount indicated for the offense, waive appearance before a magistrate judge, and consent to forfeiture of collateral, unless either the charging document makes appearance mandatory or the offense charged is not provided for in this Collateral Forfeiture Schedule.

(b) Forfeiture of Collateral Schedule

The offenses for which collateral may be posted and forfeited in lieu of appearance by the person charged together with the amounts of collateral to be posted are provided herein.

(c) Excluded offenses

A person charged with an offense requiring a Mandatory Appearance or MA, or an offense not otherwise listed herein may not be permitted to post collateral, waive appearance before an magistrate judge, and consent to forfeiture of collateral.

The General Order further provides :

**MA: Mandatory Appearance in Court**

In all cases where a bail amount is listed, a mandatory appearance may be required at the discretion of the citing officer when :

1) Mandatory appearance is listed in the alternative to bail; or

2) The commission of the offense involved loss or damage to the property of the United States or another; or

3) The commission of the offense involved the threat to the safety and/or welfare of others; or

4) The offender has committed or has been charged with the same or similar offense(s) on prior occasion(s).

---

[7] Local Rule Crim 46-410 states that the court has provided by General Order for the payment of a fixed sum in suitable misdemeanor actions in lieu of appearance.  Acceptance and payment of such fixed sum shall terminate the action; however, a Magistrate Judge may fix a higher amount in the event that payment of the fixed sum is not timely made or otherwise under conditions set forth by General Order so long as the fixed sum does not exceed the maximum authorized fine.

The General Order provides that a violation of 36 C.F.R. 2.35 (c) may be an offense subject to a $250 fine, or alternatively, a mandatory appearance may be required.

Based on the above provisions, the government has argued that the court is precluded from accepting payment of a fixed sum because : 1) the park ranger issued a citation for a mandatory appearance; and 2) that a mandatory appearance applies because the offense involved a threat to the safety or welfare of Defendant's girlfriend, other campers, himself, and wildlife. Because the park ranger issued a citation requiring a mandatory appearance rather than a bailable citation, the General Order provides that Defendant is not permitted to post collateral, waive appearance, or consent to the forfeiture of collateral. Defendant argues that the government's interpretation of the court's general order is not consistent with Rule 58(d) and would violate the constitution because it: 1) exceeds the rule making authority delegated to the district court; 2) it results in an improper subdelegation of authority to a member of the executive branch, and 3) it denies due process and the review of a park ranger's decision.

The court disagrees with the government's interpretation that General Order 457 precludes the court from granting the Defendant a fixed sum in lieu of an appearance merely because the park ranger issued an citation requiring a mandatory appearance. However, the fact that Defendant was arrested for this offense is significant. The park ranger clearly had the authority to arrest Defendant. 16 U.S.C. § 1a-6. Defendant was required to make an appearance before a magistrate judge pursuant to his arrest. Federal Rules of Criminal Procedure Rule 5 and Rule 58(b)(2). Indeed, Defendant made an initial appearance and entered a plea of not guilty on September 18, 2007. Five months later, after several status conferences,[8] Defendant filed the instant motion for the court to accept a fixed-sum payment.

Rule 58(d) provides that the court *may* accept a fixed-sum payment *in lieu of the defendant's appearance.* In this case, Defendant's appearance precludes the court from accepting forfeiture of collateral as a fixed-sum payment. The court is unpersuaded by Defendant's arguments that the court's exercise of discretion is not limited to a specific period of

---

[8] Status Conferences were held on October 16, 2007, November 6, 2007, December 4, and 18, 2007, Defendant's physical appearance at these status conferences was waived.

8

time such as at, before, or after the initial appearance because Rule 58(d) uses the generic term "appearance" rather than "initial appearance." In order to grant the relief Defendant is seeking, the court would essentially have to erase Defendant's appearance and his not guilty plea. There is no mechanism in place for the court to do so.

Finally, given of the circumstances of the Defendant's arrest, this case does not warrant a favorable exercise of discretion. Defendant allegedly was under the influence of alcohol and was creating a disturbance in the park which effected not only his girlfriend, but other individuals at the campsite. He also allegedly falsely told park rangers that he was a police officer in San Francisco. This is not the type of offense the court would allow payment of a fixed sum in lieu of appearance. The fact that this offense may hinder Defendant's future plans for career in law enforcement does not warrant special consideration, nor does it diminish the gravity of this offense.

### IV. CONCLUSION

For the reasons discussed above, Defendant's Motions for Pretrial Diversion is denied. Defendant's Motion to pay a fixed sum in lieu of appearance is also denied.[9] Accordingly, IT IS HEREBY ORDERED :

1) Defendant's Motion for Pre-trial diversion is DENIED;

2) Defendant Motion for Payment of a fixed sum in lieu of appearance is DENIED;

3) A further Status Conference will be held on July 17, 2008 at 10:00 am in Yosemite before the Honorable William M. Wunderlich.

IT IS SO ORDERED.

Dated:  July 1, 2008             /s/ Dennis L. Beck
                                 UNITED STATES MAGISTRATE JUDGE

---

[9] Since the court did not grant Defendant's request for a fixed sum in lieu of appearance, it does not address whether the imposition of this sentence would constitute a conviction.

9